IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Barbara McConnell, ) | |
| ) | C/A No.: 8:04-2264-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Jo Anne B. Barnhart, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Barbara McConnell alleges that she has been disabled since January 1, 1994, because of bipolar disorder and anxiety disorder. Plaintiff protectively filed a claim for supplemental security income payments on October 5, 2001. Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on December 5, 2003. On March 22, 2004, the ALJ issued a decision that Plaintiff was not eligible for supplemental security income payments under sections 1602 and 1614(a)(3)(A) of the Social Security Act. The decision of the ALJ became the "final decision" of the Commissioner on May 6, 2004, after the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought the within action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for a Report and Recommendation. On July 29, 2005, the Magistrate Judge filed a Report of Magistrate Judge in which she found that the ALJ had failed (1) to articulate his analysis of the evidence with regard to his findings that Plaintiff's substance abuse is a contributing factor material to the determination of disability; and (2) to articulate his analysis of Dr. Martin's opinion and the weight, if any, to be given to the opinion. The

Magistrate Judge recommended that the Commissioner's decision be reversed and remanded for further administrative action. Neither party filed objections to the Report.

The court is charged with making a *de novo* determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). In the absence of objections to the Report of Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After a thorough review of the Report and the record in this case, the court adopts the Report of Magistrate Judge and incorporates it herein by reference. Accordingly,

It is ORDERED that the within action be **reversed** under sentence four of 42 U.S.C. § 405(g), and the case be **remanded** to the Commissioner for further administrative action consistent with this order and the Report of Magistrate Judge.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

August 23, 2005.